UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DJEKA ARAPOVIC,

                Plaintiff,                   Case Number 13-10604

v.                                        Honorable David M. Lawson

U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

                Defendant.

_____/

## ORDER OF DISMISSAL

On January 23, 2013, the plaintiff filed his complaint in this matter in the Oakland County, Michigan circuit court. On February 13, 2013, the United States Attorney filed a notice of removal in this Court. On February 22, 2013, the Court ordered the plaintiff to show cause in writing, on or before March 8, 2013, why the complaint should not be dismissed for want of subject matter jurisdiction. The plaintiff has filed no response, and the time for doing so has passed.

The complaint apparently raises claims under the Federal Tort Claims Act, but the Court has no subject matter jurisdiction over such claims where the plaintiff has failed to name the United States as a defendant. "A district court lacks subject matter jurisdiction over a FTCA action where the plaintiff fails to name the United States as a defendant." *Livingston v. Martin*, 28 F. App'x 434, 435 (6th Cir. 2002). "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Because the Court lacks subject matter jurisdiction over the claims raised in the complaint, the case must be dismissed.

Moreover, the Oakland County circuit court lacked jurisdiction to enter a default judgment on the claims in this matter, because Congress has granted exclusive jurisdiction to the federal

district courts on such claims. 28 U.S.C. § 1346(b)(1).  "It is clear that a judgment in a removed state-court action is subject to being modified or set aside under the Federal Rules, just as if the judgment had been entered in the federal court." *Zolman v. United States*, 170 F. Supp. 2d 746, 751 (W.D. Mich. 2001) (citing *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 903 (6th Cir. 1955)). Because he failed to name the United States as a defendant in his complaint and failed to respond to the Court's order to show cause, the plaintiff has not "establishe[d] a claim or right to relief" to recover against the government, Fed. R. Civ. P. 55(d), and "the judgment is void." Fed. R. Civ. P. 60(b)(4).  The Court therefore will vacate the default judgment.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED without prejudice**.

Is it further **ORDERED** that the default judgment entered against the defendant by the Oakland County circuit court on December 21, 2012 is **VACATED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt. #3] is **DISMISSED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 11, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 11, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL